# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT
CAPTION: Kobe Pinkney v. Meadville Tribune, et al.

USCA NO.: 24-2873

LOWER COURT or AGENCY and DOCKET NUMBER:
1: 19-cv-000167-RAL

NAME OF
JUDGE: Hon. Richard A. Lanzillo

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

This is a civil rights action arising under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, specifically brought under 42 U.S.C. Section 1983, seeking compensatory and punitive damages for false imprisonment and the violation of the equal protection against Sergeant William Merchbaker, for detaining the Plaintiff, Kobe Pinkney, without credible facts supporting reasonable suspicion that he committed alleged assault, on account of racial animus and bias. This claim also extends to Allegheny College, where Sergeant Merchbaker was the acting Interior Director of Public Safety for Allegheny. The Complaint also raises supplemental state law claims including the intentional infliction of emotional infliction of emotional distress and invasion of privacy through defamatory publicity placing Plaintiff in a false light by Defendants Keith Gushard, Meadville Tribune, and Community Newspaper Holding Inc. Finally, the Complaint alleges that former Allegheny College Dean of Students, Joe Hall, subjected Plaintiff to statutory harassment in violation of his constitutional rights and that Allegheny negligently retained Mr. Hall after he had engaged in

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Memorandum and Order denying Plaintiff's claims against Defendants Sergeant William Merchbaker, Meadville Tribune, Community Newspaper Holding, Inc., and Keith Gushard, with prejudice. entered on April 27, 2020, by Magistrate Judge Richard A. Lanzillo.

Memorandum and Order denying Plaintiff's claims against Defendants Allegheny College and Joe Hall, with prejudice, entered on January 5, 2021, by Magistrate Judge Richard A. Lanzillo.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

The Plaintiff, Kobe Pinkney, a varsity football player for Allegheny College, was misidentified by Meadville, Pennsylvania police, as the perpetrator of a brutal assault against fellow co-ed, Rhett Happel, at a local bar. Without any credible evidence supporting reasonable suspicion and probable cause, Sergeant William Merchbaker, the Interim Director of Public Safety for Allegheny College, arrested Plaintiff, while he was attending a philosophy class, at the behest of Meadville Police Officer, Jared Frum. Prior to Defendant's unlawful arrest by Sergeant Merchbaker, Joe Hall, the Dean of Students for Allegheny College, had been harassing Plaintiff, by assigning a dorm residential advisor, Duncan Freeland, to literally spy on Plaintiff, for allegedly smoking marijuana in the dorm. We believe that further discovery will reveal that Dean Hall cooperated and, in some manner, steered the Meadville investigation toward Plaintiff, because Duncan Freeland was the witness that Jared Frum falsely claimed, identified Plaintiff as Mr. Happel's assailant. Finally, it is our view that Allegheny College is liable for negligent retention of an employee, where Happel engaged in similar harassing conduct with other students.

The Meadville Tribune acted recklessly in casting Plaintiff in a false light by running salacious stories about Plaintiff as Rhett Happel's assailant, even though Plaintiff provided the Meadville Tribune with exculpatory alibi evidence, which the Paper ignored. We also believe that the Meadville Tribune engaged in shocking conduct which subjected Plaintiff to emotional distress when the Paper published his home address.

Identify the issues to be raised on appeal:

1. Whether the lower court abused its discretion in dismissing the Appellant's claim that the media defendants cast him in false light, where the evidence was overwhelming that Appellant was not the assailant of Rhett Happel and actually decisively pointed to another male, and the criminal charges against Appellant were withdrawn?

2. Whether the lower court abused its discretion in dismissing Appellant's claims against the media defendants for invasion of privacy for intrusion upon seclusion, for unreasonable publications?

3. Whether the lower court abused its discretion in dismissing Appellant's claims for intentional infliction of emotional distress against the media defendants, Allegheny College, Sergeant William Merchbaker and Dean Joe Hall?

4. Whether the lower court abused its discretion in dismissing Appellant's claims against Sergeant William Merchbaker and Allegheny College for false arrest, false imprisonment, and violation of his constitutional right to equal protection?

5. Whether the lower court abused its discretion in dismissing Appellant's claims against Dean Joe Hall and Allegheny College for statutory harassment and violation of Appellant's constitutional right to equal protection?

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __5th__ day of __November__,20__24__.

/s/ Earl Raynor, Esquire
_____
Signature of Counsel

Rev. 07/2015